Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6051 | **DATE** | 6/28/2012 |
| **CASE TITLE** | USA vs. Adebayo Ogunba (#22795-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motions for reconsideration and for a certificate of appealability [24] are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Adebayo Ogunba's (Ogunba) *pro se* motion to reconsider and request for a certificate of appealability. This court has liberally construed Ogunba's *pro se* motion. *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). On May 20, 2010, Ogunba pled guilty in case number 09 CR 600 to Counts I, IV and V of the Superseding Indictment, and on August 26, 2010, he was sentenced to sixty-four months of imprisonment. On August 30, 2011, Ogunba filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255), and on May 30, 2012, after giving Ogunba several opportunities to file an affidavit to support his Section 2255 Motion, the court denied the motion. In fact, the court appointed counsel to represent Ogunba relating to his Section 2255 motion, and after granting a few opportunities to counsel to consult with Ogunba, counsel indicated that Ogunba refused to file an affidavit in support of his motion and that Ogunba would proceed based on his earlier filings. The court considered the complete record and denied the Section 2255 motion. Ogunba now requests that the court reconsider the denial of the Section 2255 Motion. Ogunba has not presented any arguments that could not have been presented earlier and has not shown that the court erred in

| STATEMENT |
|---|

denying his Section 2255 motion. Therefore, the motion for reconsideration is denied.

Ogunba also requests in the instant motion a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), if a court denies a Section 2255 motion, and the petitioner wishes to appeal the denial, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c); Rule 11(a) of the Rules Governing Section 2255 Proceedings; *Vitrano v. United* States, 643 F.3d 229, 232 (7th Cir. 2011)(indicating that proper procedure is to seek a certificate of appealabilty from the district court before seeking it from the appellate court). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Ogunba has not made a substantial showing of the denial of a constitutional right in regard to any of the claims in his Section 2255 motion. Nor has Ogunba shown that reasonable jurists could debate the merits of any of his claims or that such claims deserve encouragement to proceed further on appeal. Although Ogunba asserts that he told his former counsel to file a notice of appeal, Ogunba decided not to file an affidavit that would dispute the contrary facts asserted by his former counsel. Nor did Ogunba show ineffective assistance of counsel because his former counsel did not seek a continuance of his sentencing hearing, since a continuance would not have altered the result of Ogunba's sentencing calculations. Therefore, the request for a certificate of appealability is denied.